424    NEW YORK PRACTICE REPORTS.

New York Ice Co. agt. Northwestern Ins. Co.

## SUPREME COURT.

The New York Ice Company agt. The Northwestern
Insurance Company.

An action on a policy of insurance to recover for a loss, and for *equitable* relief to
reform the policy, if it should be found necessary for the plaintiffs' recovery,
should be tried at the *circuit* before a jury.

But where such an action was brought on for trial as an *equity case* before a judge
at special term, and the only question submitted was, as to the right of the plain-
tiffs to have the policy reformed, as prayed for in the complaint, which was denied,

*Held,* that the plaintiffs not being entitled to the equity relief demanded, the court
had no jurisdiction to retain the cause for the trial of the legal question of the loss
on the policy.

*New York Special Term, January,* 1860.
Trial before the court, of an equity case.

Ingraham, Justice.  The plaintiffs brought their action
against the defendants on a policy of insurance against loss
by fire.  In the complaint they averred their claim on the
policy for the loss, and they also averred facts from which
they claimed that an error had occurred in the making out
of the policy of insurance, and they demanded judgment
against the defendant for the amount of the loss, and in
case it should be necessary to the recovery, that the policy
should be reformed and corrected, and for a further judg-
ment, as might be necessary.

It is apparent that both legal and equitable relief is
prayed for in this complaint, although the main cause of
action is to recover for the loss, and the equitable relief is
merely sought for, if it shall be found necessary for the
plaintiffs' recovery.  That equitable relief was to reform the
policy by correcting the alleged mistake.

It appears to me, that this cause should have gone to the
circuit for trial.  There the plaintiffs could have tried their
action to recover for the loss before a jury, and as both the

legal and equitable relief is prayed for, the judge holding that court could have granted such relief and then submitted the other questions to the jury.

But the parties have seen fit to bring the cause on for trial as an equity case before the special term, and the only question submitted to me is as to the right of the plaintiffs to have the policy of insurance reformed in what they allege to be a mistake.

Upon the trial, it appeared that the testimony of the witnesses did not agree as to the facts. The broker who obtained the insurance states a case from which such a mistake might be inferred, while the agent of the defendants denies such statements, and shows on his part that no such mistake occurred, but that the policy was made out, in strict compliance with the application of the broker, as to some of the matters stated by the plaintiffs' witness. He is also contradicted by a clerk in the office of the defendants.

I am not able to say under such circumstances that the plaintiffs have made out a case entitling them to the relief they ask for.

1st. Because the evidence is contradictory, and the weight of the evidence is against the plaintiffs.

2d. Because if the witnesses on both sides are correct in their testimony, it shows that the contract was made under a mistake of the contracting parties, and not that the mistake occurred in filling up the policy. Equity has no authority to make a contract for parties which they never entered into, and where the relief sought is to reform a contract, that can only be to make the contract as both parties intended to make it. The plaintiff has no more right to have the contract made as he intended it to be, than the defendant has to make it according to his understanding, and unless it clearly appears that both parties agreed together, as the plaintiffs allege they did, he cannot have the relief he seeks for.

The only conclusion I can adopt on this evidence is, that

there was a mutual mistake as to the description of the premises, arising from a misunderstanding of the parties in the original negotiation of the contract, and that the defendant's agent in making the policy, made it as he intended it to be when he agreed to insure the property. The policy was made out according to the description entered by him in the books of the company, was delivered in that form to the plaintiffs' agent, and although corrected, afterwards in another matter, was never objected to for the cause now alleged, until after the fire had taken place. It is true, this agent says, his attention was never called to it until after the fire, but still there is nothing to show any error on the defendant's part.

Upon this branch of the case, I am clearly of the opinion that the plaintiff is not entitled to the equitable relief demanded.

Another question is presented in this action under the Code, which is not free from difficulty. The plaintiffs ask to have a further trial as to their right to recover on the policy of insurance as it is, although the equitable relief sought is denied.

Under the former system, there was no doubt as to the rule, that if the equitable relief sought for was granted, a court of equity obtained jurisdiction over the whole subject matter and could adjudicate upon the same, although the plaintiff had a legal remedy. (4 *Cow.*, 707; 10 *John.*, 596.)

But if the plaintiffs fail entirely in obtaining the equitable relief asked for by them, I am not aware that the court ever retained jurisdiction of the subject matter, to enable the plaintiffs to recover the claim, for which, under other cicumstances, or independent of the equitable relief sought, their remedy was purely legal. (1 *Gil.*, 187.) By the constitution this jurisdiction, both equitable and legal, is now vested in the same tribunal, and by the Code, the distinction between equitable and legal remedies is said to be

abolished, although by some provisions therein such distinction is still maintained.

It has been doubted by some judges whether such distinction can be abolished by the legislature further than as to the mode of proceeding. A different construction was given to the Code by the court of appeals in *Giles* agt. *Lyon*, (4 *Comstock*, 600.) GARDNER, J., referring to the 69th section of the Code abolishing the distinction between actions at law and suits in equity, and the preamble to the Code, declaring that such distinction should not be longer continued, says " they (the legal and equitable remedies) were to be blended and formed into a single system, which should combine the principles peculiar to each, and be administered thereafter through the same forms and under the same appellation." The case of *Marquat* agt. *Marquat* and wife, seems to involve this question. This case was tried as an equity cause, before the special term, without a jury, and one in which the plaintiff only demanded equitable relief.

Upon the trial, Mr. Justice PARKER decided that the plaintiff was not entitled to the relief demanded, but inasmuch as it appeared that the plaintiffs had a legal claim to recover back money paid by them to one of the defendants, he rendered judgment against one defendant, and dismissed the complaint as to the other.

This decision was reversed at the general term, the court holding that inasmuch as the plaintiffs had failed as to the equitable relief demanded in the complaint, they could not recover against the defendant for a claim not stated in the complaint and of an entirely different nature. (7 *How. Pr. R.*, 417.) The court of appeals, in (2 *Kernan*, 336,) held that the special term was right in its judgment. They say " the case made by the complaint and the limits of the issue alone determine the extent of the power of the court. These expressions of the statute include the statement of the right of the plaintiffs and its infringement by the defendants. These constitute the case."

" The addition to these material facts of others which neither show a right in the plaintiffs nor a wrong thereto on the part of the defendants, do not add to or alter the legal case contained in the complaint."

" Those matters in the complaint which did not tend to show a right in the plaintiffs, were surplusage, to be disregarded if there were other facts which made out a cause of action."

In *Crary* agt. *Goodman*, (2 *Kernan*, 266,) JOHNSON, J., says: " Since the enactment of the Code, which in terms abolishes the distinction between actions at law and suits in equity, and prescribes but a single form of civil action, the question in an action is not whether the plaintiff has a legal right or an equitable right, or the defendant a legal or an equitable defence against the plaintiffs' claim, but whether according to the whole law of the land applicable to the case, the plaintiff makes out the right which he seeks to establish," &c.

The views, however, so strongly expressed in these cases, appear to have been somewhat modified in *Reubens* agt. *Joel*, (3 *Kernan*, 488,) in which it was held that in an action to recover a debt the plaintiff could not unite with such claim one to restrain his debtor from disposing of his property fraudulently.

SELDEN, J., in the opinion delivered in that case, says : " It is in my judgment clear that the legislature has not the constitutional power to reduce all actions to one homogenous form, because it could only be done by abolishing trial by jury, or by abolishing trial by the court, &c.," and again : " this case of (*Parson* agt. *Bedford*, referred to,) is a direct authority to show that the constitution, by conferring jurisdiction in law and equity, has not only recognized the distinction between them, but placed that distinction beyond the power of the legislature to abolish it, which it could only do by abolishing one or the other," and in the latter part of his opinion he says " such would tend to con-

fusion and be impracticable, as it would convert an action sounding only in damages, and to be tried by a jury, into an action seeking equitable relief and triable by the court."

This case seems to depart from the cases before referred to, so far as to hold that the distinction between actions of a legal and equitable nature must be observed so far as relates to the mode of trial, and cannot on that account be united together.

If this be so, then the old rule, which required jurisdiction to be obtained by a court of equity, in order to warrant it in giving the remedy which without it would have required an action of law triable by a jury, must still be observed.

The plaintiffs' counsel relies upon the case of *Bidwell* agt. *The Astor Mutual Ins. Co.*, (19 *N. Y. Rep.*, *p.* 263,) as an authority in his favor. But in that case the equitable relief sought for was granted, and the court held that in such a case there was no need of a new action to recover damages. It is said expressly " the rule of courts of equity was, when they had acquired jurisdiction and had the whole merits before them, to proceed and do complete justice."

In the present case the plaintiffs have tried their action before me, as an equity case, without a jury. Upon that issue they have failed, and judgment must be rendered dismissing the complaint. I am of the opinion there is no authority for me to try the right of the plaintiffs to recover for the loss under the policy, or to send the case again to a jury for a second trial. Such a course would necessarily involve two trials, perhaps two judgments in favor of different parties, and produce difficulties which could not well be surmounted.

The dismissal of the complaint, however, must be without prejudice to the right of the plaintiffs to bring a new action upon the policy and under the circumstances of this case, without costs.